OPINION OF THE COURT
Jasen, J.
The issue raised by this appeal is whether section 822 of the New York City Charter imposes an income tax on nonresident employees of the city.
That section requires that “every person seeking employment with the city of New York or any of its agencies * * * sign an agreement as a condition precedent to such employment to the effect that if he is or becomes a nonresident *** he will pay to the city an amount by which a city personal income tax on residents computed and determined as if he were a resident individual * * * exceeds the amount of any city earnings tax and city personal income tax imposed on him for the same taxable period.”
By this article 78 proceeding, petitioner seeks to challenge the validity of that section of the New York City Charter and the validity of the contract provision by which he agreed to make such payments. Steven Legum, the petitioner, was employed by the Law Department of the City of New York from February 2,1976 until his resignation became effective August 1, 1980. He concedes that throughout this period he was a nonresident of the City of New York as that term is defined by section T46-6.0 of the Administrative Code of the City of New York. It is similarly conceded by the petitioner that he was advised of the *107 contractual provision required by section 822 of the City Charter and that by signing his contract of employment he agreed to its provisions. Petitioner was notified by memorandum in December, 1978 that his department intended to enforce this contractual provision and that failure to comply with the applicable regulations would lead to disciplinary action including dismissal. In response, petitioner brought this action challenging the validity of both the contractual provision and section 822 of the New York City Charter.
It is the contention of the petitioner that payments made under the contract provision required by section 822, although denominated “condition of employment payments”, are essentially payments of a tax imposed by the city. Since the city has no authority to impose such a tax on nonresidents, petitioner argues, both the contractual provision and section 822 of the City Charter are invalid.
Petitioner’s argument confuses the fundamental distinction between a tax imposed by the sovereign and a contractual provision agreed to by two parties. We have said that “[t]axes, unlike debts, are not contractual, but are enforced contributions levied by the authority of the state for the support of its government and other public needs. *** The citizen owes to the government the duty to pay taxes, so that the latter may be enabled to perform its functions, and he thus receives his proper compensation in the protection which the government affords to his life, liberty and property.” (City of New York v McLean, 170 NY 374, 387.) The Supreme Court of the United States has similarly interpreted a tax as “‘an impost levied by authority of government upon its citizens, or subjects, for the support of the State. It is not founded on contract or agreement. It operates in invitum (Lane County v Oregon, 74 US 71, 80.) This court has also recognized the involuntary nature of a tax stating that a tax “operates in invitum and is in no way dependent upon the will or contract, express or implied, of the persons taxed.” (Central Sav. Bank v City of New York, 279 NY 266, 280.)
The facts of this case do not present a situation in which the city has exercised its sovereign authority to impose a tax on petitioner without his consent, but instead presents *108 a situation in which petitioner agreed by contract to pay a certain amount to his employer, the City of New York. Petitioner makes no allegation that his agreement to this contractual provision was a result of either fraud or duress. Having freely agreed to this contract of employment, petitioner incurred liability pursuant to the contractual provision in question and enjoyed the benefits of the other provisions of the contract. The mere fact that the debt incurred pursuant to the contract of employment is owed to the City of New York does not transform it into a tax. (Central Sav. Bank v City of New York, 279 NY 266, 280, supra; Carson v Brockton Sewerage Comm., 182 US 398, 403.) The test is not to whom the funds are paid, but whether the payment is imposed in invitum by the sovereign or is owed pursuant to a contractual agreement voluntarily entered into. It is clear beyond cavil that the payments due to the City of New York are owed as a result of the contract entered into by the petitioner with the city and not as a result of an exercise by the city of its taxing authority.
We have considered petitioner’s other arguments and find them without merit.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed.