■ In the Matter of ROBERT GANLEY, on Behalf of Himself and Other Former Members of the New York City Transit Authority and Housing Authority Police Departments, et al., Appellants, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Respondents. LIEUTENANTS' BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, by Its President, ANTHONY GARVEY, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [677 NYS2d 135] —Order and judgment (one paper), Supreme Court, New York County (Stanley Sklar, J.), entered May 6, 1997, dismissing the petition and complaint in the proceedings by appellants, former members of the New York City Transit Authority and Housing Authority Police Departments and now members of the New York City Police Department (NYPD) for a declaration that New York City Charter § 1127 is unconstitutional as applied to them, and for related injunctive and monetary relief, unanimously modified, on the law, to declare that appellants are subject to City income tax under City Charter § 1127, which, as applied to them, is not preempted by or violative of Civil Service Law § 70 (2), and otherwise affirmed, without costs.

Under City Charter § 1127, every person who seeks employment with the City must, as a condition precedent to City employment, sign an agreement that if he/she is or becomes a nonresident of the City during the employment period, he/she will pay the City income tax as if he/she were a resident. Since appellants were not City employees prior to the mergers of their Transit and Housing Authority Police Departments into the New York City Police Department (see, Nickels v New York City Hous. Auth., 208 AD2d 203, affd 85 NY2d 917), they had not previously been subject to section 1127, but, upon such mergers and their transfers to the NYPD, they were notified that, as City employees, they were now subject thereto, and the City then began deducting from their paychecks the amount that would have been deducted had they lived in the City. It is the City's contention that appellants, by commencing their City employment and cashing their paychecks, impliedly accepted the City's employment conditions, a contention with which the IAS Court agreed, and so do we.

Civil Service Law § 70 (2), which provides that transferred employees "shall retain their respective civil service classifications and status", does not preempt City Charter § 1127, which is not concerned with salary or any other form of compensation but the entirely different subject matter of taxation, albeit on a contractual basis. That appellants were not actually "seeking employment" with the City or any of its agencies and did not

actually "sign an agreement" to be taxed as if they lived in the City was properly rejected by the IAS Court as an overly literal reading of section 1127 (a) that would lead to a result completely at variance with its manifest purpose to equalize the take home pay of City residents and nonresidents (*see, Matter of Jose R.*, 83 NY2d 388, 393). Appellants voluntarily entered into City employment after obtaining notice of their transfer to the NYPD implicitly accepting the terms of the transfer, including section 1127 (*see, Association of Surrogates & Supreme Ct. Reporters v State of New York*, 79 NY2d 39, 45). As a result, their take home pay may have been reduced, but their pay rate cannot be deemed to have been altered by the change in withholding for tax purposes.

We have considered appellants' remaining arguments and find them to be without merit. We modify only to clarify the essentially declaratory nature of the relief sought in both proceedings. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ. *[See,* 171 Misc 2d 654.]