■ In the Matter of Stanley Hill, as Executive Director of District Council 37, American Federation of State, County, and Municipal Employees, AFL-CIO, et al., Respondents, v City of New York et al., Appellants. [678 NYS2d 44] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner, J.), entered on or about June 9, 1997, which granted petitioners' application pursuant to CPLR article 78, unanimously reversed, on the law and the facts, without costs, and the petition denied.

At issue in this case is the City's right under New York City Charter § 1127 to deduct a nonresident tax payment from the paychecks of petitioners, Emergency Medical Service (EMS) employees who were exempt from the operation of that section when EMS was part of the New York City Health and Hospitals Corporation (HHC), but who have been subjected to such deductions since EMS was transferred to the authority of the New York City Fire Department.

In the consolidated cases of *Matter of Ganley v Giuliani* and *Lieutenants' Benevolent Assn. v City of New York* (253 AD2d 579 [decided herewith]), we found that the IAS Court in those cases properly dismissed the petitions and complaints that raised a similar constitutional challenge to the applicability of New York City Charter § 1127 as to the petitioners therein, former members of the New York City Transit Authority and Housing Authority Police, now merged with the City's Police Department. Our decision modified the judgment in those cases only to the extent of clarifying the declaratory relief granted and

declared that those petitioners were subject to City income tax under City Charter § 1127, which, as applied to those individuals, was not preempted by or in violation of Civil Service Law § 70 (2), which provides that transferred employees "retain their respective civil service classifications and status." Deducting the City income tax in no way affects the classification or status of those employees, nor does it affect their salary basis or pay rate. The rationale of our decision in that case is equally applicable to the instant one, and we therefore reverse and dismiss the petition herein.

While the IAS Court in this matter was aware of the *Ganley* court decision (171 Misc 2d 654), it essentially carved out an exception or exemption for this particular class of nonresident City employees on the ground that these petitioners and others similarly situated had previously been accorded exempt status by the HHC. Specifically, the IAS Court determined that the exemption granted by HHC was a "financial benefit" to these employees and therefore deducting the City income tax violated Civil Service Law § 70 (2) (172 Misc 2d 327, 332). The fact that the exemption was a financial benefit justified the "nonuniformity in the income taxation of EMS employees based on residence," which, in any event, had existed previously (172 Misc 2d 327, 332, *supra*).

Neither the language nor the legislative history of Civil Service Law § 70 (2) justifies this result, and section 1127 of the City Charter simply does not permit such exception. Indeed, contrary to the conclusion of the IAS Court, the petitioners in *Ganley (supra)* were no less entitled than those here to complain about the City's departure from the practice of their prior employers. In any event, section 1127 of the City Charter mandates that a nonresident employee of the City must consent, as a condition of employment, to being taxed at the same rate as if the employee were in fact a City resident; while the employees here and in *Ganley* did not actually "apply" for employment with the City, they were notified that, by becoming City employees upon the respective transfers, they were subject to City Charter § 1127 as a prerequisite for employment.

Civil Service Law § 70 (2) does not preempt the City Charter in this respect and should not be read as conflicting with it, for each addresses a different issue: the City Charter section is concerned with taxation on a contractual basis, while the Civil Service Law is concerned with classification, status and actual salary. Moreover, the deductions being made in the instant case are not a result of an independent exercise of the City's

taxing authority without the individual's consent, but rather are part of the contractual arrangement entered into by the individual employee and the City (*Matter of Legum v Goldin*, 55 NY2d 104, 107-108). Accordingly, this class of employees is no more exempt from the operation of City Charter § 1127 than that in *Ganley* and the petition should be dismissed. Concur— Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ. [*See*, 172 Misc 2d 327.]