(April 27, 1999)

■ In the Matter of CAROLYN F. BURKE, Appellant, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Respondents. [689 NYS2d 49] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered June 17, 1997, upon an order, same court and Justice, entered April 2, 1997, which dismissed petitioner's application to vacate respondents' decision denying her pension credit for a three-

year leave of absence, unanimously reversed, on the law, without costs, the petition reinstated and the matter remanded for further proceedings in accordance herewith. Appeal from said order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

In December, 1970, petitioner, who was then an officer with the New York City Transit Authority Police Department (TAPD) and consequently a member in the New York City Employees' Retirement System (NYCERS), informed her superiors that she was eight months pregnant. As a result of the ensuing birth of her first child in January, 1971 and the subsequent birth of her second child in October, 1972, petitioner took essentially continuous unpaid leave of absence from December, 1970 to December, 1973.

In April, 1995, the TAPD merged with the NYPD. A Memorandum of Understanding (MOU) was entered into by the Metropolitan Transportation Authority, the New York City Transit Authority and the City of New York, which provided, *inter alia*,

"(b) Every sworn member of the TAPD, upon becoming a sworn member of NYPD, may affirmatively elect to transfer his or her pension service credit from the New York City Employees' Retirement System ('NYCERS') to the Police Pension Fund—Subchapter Two in accordance with provisions of the Administrative Code of the City of New York;

"(c) Membership in the Police Pension Fund will entitle enrollees to all Police Pension Fund rights and benefits applicable pursuant to law."

Petitioner was among the officers who affirmatively elected to transfer her pension service credit from NYCERS to the Police Pension Fund—Subchapter Two (PPF). At the time of petitioner's transfer, the PPF permitted service credit for unpaid maternity leave taken before November 30, 1978. NYCERS, however, did not.

Administrative Code of the City of New York § 13-143 (a), which authorizes the above-described transfer of petitioner's pension service credit, also provides that NYCERS, in conjunction with the transfer, shall "determine the reserve on the benefits allowable to such member * * * as the result of employer contributions, including the reserve-for-increased-take-home-pay, as though such member had not discontinued membership, in the same manner as provided in section forty-three of the retirement and social security law. Such reserve shall thereupon be transferred from the contingent reserve fund of the New York city employees' retirement system to the

contingent reserve fund of the said police pension fund and the accumulated deductions of such member or person shall thereupon be transferred from the annuity savings fund of the New York city employees' retirement system to the annuity savings fund of the said police pension fund within one year from the date of such request."

In conjunction with petitioner's transfer to PPF, this calculation was duly performed by NYCERS, which, in accordance with its own policies, did not credit petitioner with service credit for her three years of unpaid leave. When petitioner filed an application for retirement in 1995 with NYPD, she was informed that she would not receive credit for the three years. She thereupon contested the denial by way of this CPLR article 78 proceeding, which was denied by Supreme Court. We reverse.

While, as pointed out by respondents, the MOU states that it will not inure directly to the benefit of third parties, the separate agreement whereby petitioner affirmatively consented to the transfer to the PPF was not made in a vacuum, but was informed by the terms of the MOU (*see, e.g., Matter of Ganley v Giuliani*, 253 AD2d 579, 580 ["Appellants voluntarily entered into City employment after obtaining notice of their transfer to the NYPD implicitly accepting the terms of the transfer"]; *see also, Matter of Hill v City of New York*, 253 AD2d 580). Among those terms was respondents' agreement that petitioner, as an enrollee, would be entitled to "all Police Pension Fund rights and benefits applicable pursuant to law."

In light of this commitment, upon which petitioner was entitled to rely in agreeing to the transfer, we find that respondents may not now deny petitioner service credit for unpaid maternity leave taken prior to November 30, 1978 and that they are therefore obligated to recalculate her years of service.

We reject respondents' position that they are precluded from recalculating petitioner's years of service by Administrative Code § 13-143 or Civil Service Law § 70 (2).

Section 13-143 merely provides that NYCERS is to calculate the service credit upon transfer and does not preclude respondent from modifying the service credit in order to provide a transferred employee with additional benefits to which he or she is entitled under the PPF.

Section 70 (2) provides, *inter alia*, that vacation and sick pay may be recomputed by the transferee agency in a way that limits the accumulated credits due the transferred employee to the amounts permitted to be accumulated by other employees

in the transferee agency. While it does not mention pension service credits, we reject Supreme Court's conclusion that that omission gives rise to the implication that the transferee agency is prohibited from recalculating such credits, particularly when the purpose of the recalculation is not to limit the transferred employee's accumulated benefits as with the vacation and sick pay provision of section 70 (2) but to ensure that the transferred employee is granted additional pension benefits generally due employees in the transferee agency.

While we therefore find that petitioner is entitled to the PPF benefit for unpaid maternity leave taken prior to November 30, 1978, in light of respondents' additional claim that petitioner would not be entitled to the full three year credit even under PPF's rules defining "maternity leave" for the subject period, we remand to Supreme Court for further proceedings to determine the appropriate service credit. Concur—Ellerin, P. J., Wallach, Mazzarelli and Andrias, JJ.