◼ Robert Fleming et al., Respondents-Appellants, v Rudolph W. Giuliani, as Mayor of the City of New York, et

al., Appellants-Respondents. [763 NYS2d 609] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered February 1, 2002, which, in an action seeking a declaratory judgment concerning the application to plaintiffs of New York City Charter § 1127, denied plaintiffs' motion for summary judgment and granted defendants' cross motion for summary judgment to the extent of dismissing the complaint as to all plaintiffs except Josen and Berkowitz, unanimously modified, on the law, to grant defendants' cross motion for summary judgment in its entirety, to declare that said section 1127 applies to all income of nonresident City employees, however or wherever derived, and to further declare that section 1127 applies to plaintiffs Josen and Berkowitz notwithstanding the City's inability to locate agreements signed by such defendants in compliance with section 1127, and otherwise affirmed, without costs.

New York City Charter § 1127 does not impose a tax on nonresident City employees, but instead requires, as a condition precedent to employment, that they agree to pay to the City the difference between what they would pay in City personal income tax were they City residents and what they actually do pay in City earnings tax and City personal income tax. "The mere fact that the debt incurred pursuant to the contract of employment is owed to the City of New York does not transform it into a tax" (*Matter of Legum v Goldin*, 55 NY2d 104, 108 [1982]). Plaintiff City employees argue that section 1127 applies only to their City salaries; defendant City officials argue that it applies to all income wherever or however derived. We are persuaded by the legislative history that the purpose of section 1127 is to equalize the City taxes paid by resident and nonresident City employees (2 Proceedings of Council of City of NY, Dec. 13, 1972, at 1543 ["Report of the Committee on Finance in Favor of Adopting as Amended a Local Law to Amend the Administrative Code of the City of New York, in Relation to Agreement to Pay the Same City Taxes as a Resident of the City as a Condition Precedent to Employment by the City of New York"]; *see also Matter of Ganley v Giuliani*, 94 NY2d 207, 216 [1999] ["The statute was intended to equalize the take-home pay of City employees, both resident and nonresident, and encourages those who work for the City to live in the City."]). Such purpose can only be realized by applying section 1127 to all income.

We modify to make the declaration the IAS court clearly intended (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]), and, in addition, to grant summary

judgment in defendants' favor against plaintiffs Josen and Berkowitz, for whom signed section 1127 agreements or equivalent documents could not be located.* Josen silently acquiesced for more than 15 years in the City's payroll deductions from his salary before he first protested the application to him of section 1127. Likewise, Berkowitz was silently acquiescent for more than five years. In each case, the employee's inordinate delay before making any protest (*cf. Matter of Ganley*, 94 NY2d at 214-215, 217) is sufficiently prejudicial to the City to give rise to a finding of laches barring the present challenge (*see Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]). Given the substantial possibility of the inadvertent loss by a large public bureaucracy of any given document over a lengthy period of time, Josen's and Berkowitz's delay has prejudiced the City's ability to prove that they in fact complied with the requirement of signing a section 1127 agreement.

As to Berkowitz, we find in addition, as an independent ground for granting summary judgment against him, that an implied-in-fact agreement exists between him and the City. About 3½ months after Berkowitz was appointed to his position, he signed an acknowledgment that he had received a copy of chapter 49 of the City Charter, which contains section 1127. As a matter of law, this signed acknowledgment and Berkowitz's more than five years of silent acquiescence in the City's payroll deductions from his salary, taken together, give rise to an implied-in-fact agreement that section 1127 would be applied to him. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.

---

* The IAS court correctly held that plaintiff White's signed certification stating "I have read and shall conform to Chapter 49 of the City Charter" (in which section 1127 is found) constitutes his agreement to have section 1127 applied to his income.