[821 NE2d 959, 788 NYS2d 655]

ROBERT FLEMING et al., Appellants, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Respondents.

Argued November 17, 2004; decided December 21, 2004

**POINTS OF COUNSEL**

*Dienst & Serrins, LLP,* New York City (*Richard A. Dienst* of counsel), for appellants. I. The Court of Appeals decision upholding the constitutionality of the predecessor of New York City Charter § 1127 in *Matter of Legum v Goldin* (55 NY2d 104 [1982]) was not asked to consider a city income tax on the total income of those executing a New York City Charter § 1127 waiver; the ruling should be limited to appellant's salary only. (*Criscione v City of New York,* 97 NY2d 152; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Castro v United Container Mach. Group,* 96 NY2d 398; *Patrolmen's Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Desiderio v Ochs,* 100 NY2d 159; *Matter of Erie County Agric. Socy. v Cluchey,* 40 NY2d 194; *Allen v Minskoff,* 38 NY2d 506; *Lawrence Constr. Corp. v State of New York,* 293 NY 634; *Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.,* 45 NY2d 471; *City of Rochester v Bloss,* 185 NY 42.) II. New York City Charter § 1127 (b) clearly states that when the

Charter or the Administrative Code of the City of New York employs the term "salary," "compensation," or "any other word or words having a similar meaning," such terms shall be deemed to be construed and mean the scheduled salary or compensation of any employee of the City of New York. (*City of New York v State of New York,* 94 NY2d 577; *Matter of Legum v Goldin,* 55 NY2d 104; *City of New York v McLean,* 170 NY 374; *Cobble Hill Nursing Home v Henry & Warren Corp.,* 74 NY2d 475.) III. New York City Charter § 1127 violates the Due Process Clause of the New York State Constitution which prohibits government from depriving a person of life, liberty or property without "due process" of law. (*Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.,* 1 NY3d 85; *Shaffer v Carter,* 252 US 37; *Safe Deposit & Trust Co. of Baltimore, Md. v Virginia,* 280 US 83; *National Educ. Assn., Inc. v Lee County Bd. of Pub. Constr.,* 467 F2d 447; *In re Lorber Indus. of Cal. Inc.,* 675 F2d 1062; *City of New York v Feiring,* 313 US 283; *In re Camilli,* 94 F3d 1330.) IV. In the absence of New York City producing a signed New York City Charter § 1127 waiver no other documents can substitute for a voluntary contract. (*Matter of Ganley v Giuliani,* 94 NY2d 207; *Matter of Legum v Goldin,* 55 NY2d 104.) V. Appellants are not guilty of laches and respondents were not prejudiced. (*Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Jane L. Gordon* and *Pamela Seider Dolgow* of counsel), for respondents. Plaintiffs accepted the benefits of New York City employment and cannot therefore avoid the plain requirements of that employment, including compliance with the express terms of New York City Charter § 1127, which, as the lower courts agreed, requires a condition of employment payment for all of an employee's taxable income, and not just his or her city salary. (*Matter of Ganley v Giuliani,* 94 NY2d 207; *Matter of Legum v Goldin,* 55 NY2d 104; *Matter of City of New York v Lieutenants Benevolent Assn.,* 285 AD2d 329; *Matter of New York City Dept. of Probation v MacDonald,* 205 AD2d 372; *Matter of Schulz v State of New York,* 81 NY2d 336; *General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.,* 85 NY2d 232.)

*O'Donnell, Schwartz, Glanstein & Lilly LLP,* New York City (*Joel C. Glanstein* and *David M. Glanstein* of counsel), for Lieutenants Benevolent Association of the City of New York, amicus curiae. I. Pursuant to the express text of New York City Charter § 1127, there must be a signed prehire agreement for a

New York City employee to be subject to salary withholding. (*Matter of Ganley v Giuliani,* 94 NY2d 207; *Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ. of City of N.Y.,* 30 AD2d 447, 23 NY2d 483; *Golden v Koch,* 49 NY2d 690; *Matter of Judge Rotenberg Educ. Ctr. v Maul,* 91 NY2d 298; *Bender v Jamaica Hosp.,* 40 NY2d 560; *Matter of Jose R.,* 83 NY2d 388; *New York State Bankers Assn. v Albright,* 38 NY2d 430; *Schrader v Carney,* 180 AD2d 200.) II. Laches cannot bar the claims of Avtar Josen and Israel Berkowitz since there is no showing of prejudice or that their delay was unreasonable or inexcusable. (*Cohen v Krantz,* 227 AD2d 581; *Matter of Kuhn v Town of Johnstown,* 248 AD2d 828; *Matter of Ganley v Giuliani,* 94 NY2d 207.)

## OPINION OF THE COURT

GRAFFEO, J.

New York City Charter § 1127 requires an applicant for city employment to enter into a contract with the City in which the prospective employee agrees to make payments in lieu of personal income taxes—so-called "condition of employment payments"—should he or she reside outside the City. The primary issue we are asked to resolve in this case is whether these condition of employment payments are to be computed using total taxable income or only the city salary earned by the employee. Based on the provisions of section 1127, as well as its underlying purpose, we conclude that the City is entitled to use total taxable income in determining the payments due and that such application is constitutional.

The Administrative Code of the City of New York requires city residents to pay a city personal income tax on all of their taxable income received during the year, subject to certain enumerated deductions, exemptions and modifications (*see* Administrative Code of City of NY §§ 11-1701, 11-1711, 11-1712). In contrast, individuals who are employed in the City but reside outside the City pay a city earnings tax on their wages or on their net earnings if self-employed (*see* Administrative Code § 11-1902). In 1973, the City adopted New York City Charter § 1127 (originally codified at section 820, and subsequently at section 822), which directs that all persons seeking employment with the City must enter into a written agreement, as a condition precedent to municipal employment, obligating city employees—if they are or become nonresidents of the City during

the course of their employment—to make payments as if they were city residents paying city personal income taxes.[1]

Plaintiffs are 13 physicians employed part-time by the New York City Police Department, holding the civil service title of "District Surgeon." All of the plaintiffs reside outside the City and some have been employed by the City for over 20 years. In addition to their city employment, plaintiffs apparently derive income from their private practices and other sources. Plaintiffs commenced this action seeking injunctive relief and a declaration that the City improperly deducted section 1127 payments from their salaries. Alleging that they had not executed section 1127 preemployment agreements, plaintiffs asserted that all payments withheld under that City Charter provision were therefore unlawful. After joinder of issue, plaintiffs Avtar Josen, Israel Berkowitz, Bernard White and Stuart Eigen moved for summary judgment on the ground that they had never signed section 1127 agreements.

The City cross-moved for summary judgment to dismiss the complaint in its entirety, and in support of its motion, submitted written agreements signed by 10 of the plaintiffs, including Eigen, that required the payments delineated in section 1127. The City also tendered a certification signed by White, indicating that he agreed to "conform to Chapter 49 of the Charter,"[2] but it acknowledged that the relevant preemployment agreements for Josen or Berkowitz could not be located. In response, Eigen and the remaining nine plaintiffs argued that, even though they had executed section 1127 agreements, the City had wrongfully determined the amount of the section 1127 payments owed by each plaintiff because the City based its calculations on total income rather than just their salaries from city employment.

Supreme Court denied plaintiffs' motion for summary judgment and granted, in part, the City's cross motion for summary judgment. The court held that section 1127 computation of income covers all income and that the City therefore properly withheld payments from the 10 plaintiffs who undisputedly signed section 1127 agreements, as well as from White, since his chapter 49 certification constituted his consent to comply with section 1127. The court concluded, however, that Josen and

---

1. The City indicates that between 700 and 1,000 agreements pursuant to section 1127 are filed annually.
2. Section 1127 is contained in chapter 49.

Berkowitz had raised triable issues of fact as to whether they had entered into section 1127 agreements. The Appellate Division granted the City's motion for summary judgment in its entirety, concurring with Supreme Court that section 1127 applies to total income and determining that the Josen and Berkowitz claims were barred under the doctrine of laches. We granted plaintiffs leave to appeal.

Plaintiffs contend that section 1127 payments should apply only to the salaries they earn from their city employment and not to any other income they derive from other sources. They alternatively claim that the City's withholding of payments on the basis of total income amounts to an unconstitutional tax on nonresidents. The City counters that the plain language of section 1127 demonstrates that nonresident employees are to make payments equal to the city personal income tax and calculated as if they were city residents and that this application is constitutional. We agree with the City.

New York City Charter § 1127, entitled "Condition precedent to employment," provides:

> "a. Notwithstanding the provisions of any local law, rule or regulation to the contrary, every person seeking employment with the city of New York or any of its agencies regardless of civil service classification or status shall sign an agreement as a condition precedent to such employment to the effect that if such person is or becomes a nonresident individual . . . such person will pay to the city an amount by which a city personal income tax on residents computed and determined as if such person were a resident individual . . . during such employment, exceeds the amount of any city earnings tax and city personal income tax imposed on such person for the same taxable period.

> "b. Whenever any provision of this charter, the administrative code of the city of New York or any rule or regulation promulgated pursuant to such charter or administrative code employs the term 'salary', 'compensation', or any other word or words having a similar meaning, such terms shall be deemed and construed to mean the scheduled salary or compensation of any employee of the city of New York, undiminished by any amount payable pursuant to subdivision a of this section."

We previously discussed the operation of the predecessor statute to section 1127 in *Matter of Legum v Goldin* (55 NY2d 104 [1982]). In that case we upheld the validity of section 1127's predecessor determining that the obligation imposed by this provision does not constitute a tax payment; instead it is a valid payment pursuant to a contract voluntarily entered into as a condition precedent to municipal employment. In *Matter of Ganley v Giuliani* (94 NY2d 207 [1999]), we further clarified that section 1127 does not apply to nonresidents who have not executed section 1127 agreements and whose employment was transferred from a public benefit corporation to city agencies as a result of a merger. But in neither case did we have occasion to address whether section 1127 applies to all taxable income of a nonresident employee or only to the employee's city salary.

We first analyze whether section 1127 covers total taxable income attributed to a nonresident city employee. Section 1127 (a) requires that an individual seeking city employment must enter into an agreement with the City wherein the prospective employee promises to pay the City, if the employee resides or later moves outside the City during the course of employment, the difference between the "city personal income tax . . . determined as if [the nonresident] were a resident" and "any city earnings tax and city personal income tax" actually imposed on the nonresident. To understand how this provision operates, it is necessary to compare the definition of "city personal income tax," which is paid by city residents, with the definition of "city earnings tax," which all nonresidents who work in the City must pay.

■ The city personal income tax is imposed on the "city taxable income" of all city residents (Administrative Code § 11-1701).[3] The term "city taxable income" refers to a resident's "city adjusted gross income less his city deduction and city exemptions" (Administrative Code § 11-1711 [a]). Significantly, the term "city adjusted gross income" is denoted as a resident's "federal adjusted gross income as defined in the laws of the United States for the taxable year, with the modifications specified in this section" (Administrative Code § 11-1712 [a]). Hence, the city personal income tax is clearly a tax imposed on all taxable income of city residents—subject to appropriate deduc-

---

3. Based on the amount of a resident's city taxable income, the city personal income tax rate in 2004, for example, varies between 2.907% and 4.45% (Administrative Code § 11-1701 [g] [1] [B]).

tions, exemptions and modifications—and not a tax limited to city wages.

In contrast, the city earnings tax is paid by all persons who are employed in the City but reside elsewhere. Currently, the tax consists of "[a] tax at the rate of one-fourth of one per cent on all wages" and "[a] tax at the rate of three-eighths of one per cent on all net earnings from self-employment" (Administrative Code § 11-1902 [a] [1] [i], [ii]). Unlike the city personal income tax, which encompasses taxable income from all sources, the city earnings tax applies only to city wages and self-employment earnings.

Based on the foregoing definitions, plaintiffs' contention that section 1127 applies only to their city salaries finds no support in the language of the City Charter. Simply put, section 1127 treats nonresident city employees as if they were residents of the City by requiring them to agree to make payments equivalent to the city personal income tax, which by definition includes all taxable income (subject to specified deductions, exemptions and modifications), to the extent that amount exceeds any city earnings tax already paid to the City. Section 1127 therefore indicates that the computation of these payments is premised on an employee's entire taxable income as reflected in the employee's federal adjusted gross income.

Plaintiffs' reliance on the terminology used in section 1127 (b) is misplaced. Section 1127 (a), the dispositive provision here, incorporates express references to the "city personal income tax" and "city earnings tax." By the corresponding definitions, the provision is not limited to the salary or wages earned from city employment. Although section 1127 (b) defines the terms "salary" and "compensation" for purposes of the City Charter and the Administrative Code, those terms do not appear in section 1127 (a). Rather, section 1127 (b) merely explains that section 1127 (a) payments do not diminish a city employee's salary for purposes of, for example, pension benefits.

Our interpretation is fully consistent with the legislative purpose of section 1127. The statutory provision later embodied in section 1127 was adopted more than 30 years ago to discourage city employees from moving out of the City for tax purposes (*see* 2 Proceedings of Council of City of NY, Dec. 13, 1972, at 1543; *see also Ganley*, 94 NY2d at 216; *Matter of City of New York v Lieutenants Benevolent Assn.*, 285 AD2d 329, 331 [2001] [section 1127 enacted "to mitigate such a financial incentive

that. otherwise might contribute to City employees relocating their residences outside of the City"]). If, as plaintiffs allege, section 1127 applies only to a nonresident's city salary, a considerable financial incentive would still exist for city employees to reside outside the City. As viewed by plaintiffs, a city employee who lives in the City would be required to pay the city personal income tax on all taxable income while a city employee residing outside the City would only have to pay an amount equal to the city personal income tax owed on the employee's city salary. Calculating section 1127 payments using total taxable income, on the other hand, places resident and nonresident city employees on equal footing, thereby promoting the City Council's goal of encouraging employees to maintain their residences in the City.

We next address plaintiffs' contention that the application of section 1127 in this case amounts to an unconstitutional tax. Plaintiffs' reliance on *Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.* (1 NY3d 85 [2003])[4] "confuses the fundamental distinction between a tax imposed by the sovereign and a contractual provision agreed to by two parties" (*Legum*, 55 NY2d at 107). We established in *Legum* that any payments made pursuant to a section 1127 agreement arise from voluntary contractual employment arrangements. Plaintiffs have not cited any constitutional provision that would prevent a nonresident city employee from contracting to make payments to the City based on total income and not just income derived from a city salary. The argument that section 1127 imposes an unconstitutional tax on employees who sign section 1127 agreements therefore fails.[5]

Finally, the Appellate Division did not abuse its discretion as a matter of law in concluding that Josen's and Berkowitz's claims are barred by the doctrine of laches (*see Matter of Vickery v Village of Saugerties*, 64 NY2d 1161, 1163 [1985]; *Amster-*

---

**4.** In *Zelinsky*, we stated that "[a]lthough a state may tax all the income of its residents, even income earned outside the taxing jurisdiction, it may constitutionally tax nonresidents only on their income derived from sources within the state" (1 NY3d at 89-90).

**5.** We decline to consider whether New York City Charter § 1127 applies to the income attributed to the spouse of a nonresident city employee because this case does not differentiate the implications of the tax elections available to spouses under Administrative Code § 11-1751.

*dam Sav. Bank v City View Mgt. Corp.*, 45 NY2d 854, 856 [1978]).[6] Plaintiffs' remaining contentions are without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed, with costs.

---

**6.** We also agree with the Appellate Division's conclusion that White's "certification stating 'I have read and shall conform to Chapter 49 of the City Charter' (in which section 1127 is found) constitutes his agreement to have section 1127 applied to his income" (307 AD2d 866, 868 n [2003]).