OPINION OF THE COURT
Felicia A. Mennin, J.
The defendant, Richard J. Reip, was charged with criminal sale of a police uniform (Penal Law § 190.27). He moved for an *492 order dismissing the accusatory instrument as facially insufficient pursuant to Criminal Procedure Law § 170.30 (1) (a); § 100.15 (3) and § 100.40 (1) (a), as well as for other relief. On March 18, 2011, the court granted that motion orally. The following is the court’s written opinion explaining that decision:
Facial Sufficiency
The self-authenticating complaint presents in pertinent part the following factual allegations:
“Deponent [Detective Thomas Janow] states that on 1/7/10 at approximately 12:30 hours, inside of 315 Hudson Street, deponent purchased from the defendant one NYC Transit Police Captain Shield, in that: (1) the defendant and deponent had computer conversations on Ebay, to wit, conversations through internal email via the Ebay website, wherein the defendant offered to sell said item; (2) during these conversations, deponent was at his computer at the above-location [sic], in New York County; and (3) deponent sent an electronic payment to defendant via computer at the above-location [sic] for approximately $89.99 US Currency. “Deponent further states that on 3/8/10 at approximately 13:00 hours, inside of 315 Hudson Street, the deponent purchased one NYC Transit Police Officer shield, bearing the number 535, in exchange for approximately $72.99 United States Currency, in that: (1) the defendant and deponent had computer conversations on Ebay, to wit, conversations through internal email via the Ebay website, wherein the defendant offered to sell said item; (2) during these conversations, deponent was at his computer at the above location, in New York County; and (3) deponent sent an electronic payment to defendant via computer at the above-location. Deponent further states that on said date at approximately 12:30 hours, the deponent had a phone conversation with the defendant in which the defendant stated in substance to deponent: I REMEMBER YOU BOUGHT THE CAPTAIN’S SHIELD FROM ME. I’LL DELIVER THIS POLICE OFFICER SHIELD TO YOU IN PERSON AND SELL YOU OTHER LAW ENFORCEMENT SHIELDS THEN.
*493 “Deponent further states that deponent received the above-mentioned NYC Transit Police Captain Shield on 1/19/10, at deponent’s Post Office Box located in New York County.
“Deponent further states that the defendant hand delivered the above-mentioned NYC Transit Police Officer shield, bearing the number 535, to Cross Bay Blvd. & 158th Avenue in Queens, New York on 3/11/10 at approximately 11:05 hours.
“Deponent further states that defendant did not ask the deponent to present a valid photo identification card showing the deponent to be a member of the police department during either of the above-mentioned transactions. Deponent further states that the deponent is a member of the NYPD and that the defendant did not have the permission or authority to sell said items.”
It is axiomatic that facial sufficiency is a nonwaivable, jurisdictional prerequisite to a valid prosecution. (People v Alejandro, 70 NY2d 133 [1987].) In order to be facially sufficient, an information, together with any supporting depositions, must meet with three requirements: (1) allege facts of an evidentiary character supporting or tending to support the charges, pursuant to CPL 100.15 (3); (2) provide reasonable cause to believe that the defendant committed the offenses charged in the information; and (3) include nonhearsay factual allegations, which, if true, establish every element of the offenses charged. (See CPL 100.40 [1] [a]-[c].) This third requirement is what is referred to as a “prima facie” case. (People v McDermott, 160 Misc 2d 769 [Nassau Dist Ct 1994].) A prima facie case, also referred to as “legally sufficient evidence,” means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof. {See CPL 70.10 [1].)
The defendant is charged under Penal Law § 190.27, which provides that
“[a] person is guilty of criminal sale of a police uniform when he or she sells or offers for sale the uniform of any police officer to any person, unless presented with a valid photo identification card showing the purchaser to be a member of the police department which has authorized the requested uniform or an 'authorization to purchase specified uniforms signed by the police chief or the police *494 commissioner of such police department accompanied by a personal photo identification. For purposes of this section, ‘police officer’ shall include federal law enforcement officers, as defined in section 2.15 of the criminal procedure law; and ‘uniform’ shall include all or any part of the uniform which identifies the wearer as a member of a police department, such as the uniform, shield, badge, numbers or other identifying insignias or emblems.”
The defendant argues that the statute in question does not prohibit the sale of shields of a defunct police organization such as the New York Transit Authority Police Department. The court agrees. In construing the meaning of Penal Law statute provisions, a court must reach its decision “according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.)
Penal Law § 190.27 concerns itself with the sale of “the uniform of any police officer” (emphasis added). “Uniform” is defined as “any part of the uniform which identifies the wearer as a member of a police department.” (Id. [emphasis added].) A would-be purchaser must present either (1) personal identification showing himself or herself to be “a member of the police department which has authorized the requested uniform” or (2) an authorization “signed by the police chief or the police commissioner of such police department.” (Id. [emphasis added].)
The accusatory instrument identifies the shields which the defendant allegedly sold as one “NYC Transit Police Captain Shield [sic]” and one “NYC Transit Police Officer shield, bearing the number 535.” Neither of these shields, as described, are part of the uniform “of any police officer” or would identify the wearer as “a member of a police department.” (Penal Law § 190.27 [emphasis added].) Neither could be purchased by a police officer of that organization or by anyone authorized to do so by its police chief or commissioner. This is because the court must take judicial notice of the fact that the New York Transit Authority Police Department was disbanded in 1995 and its officers reassigned to and became members of another, previously existing police organization, the New York City Police Department (NYPD). (See Matter of Burke v Bratton, 260 AD2d 283, 284 [1st Dept 1999].) The accusatory instrument does not allege that the shields in question were authorized for wear or display as the shield of any member of the New York City Police Department on the dates of the alleged sales.
*495 If the Legislature had intended to include in Penal Law § 190.27’s scope uniforms, shields or identifying insignias of defunct police organizations it could have done so, but it did not. The legislative history of this statute shows that the impetus behind its enactment was the concern of public officials that the criminal impersonation in the first degree statute barring a person from pretending to be a police officer by wearing or displaying of a police uniform and/or insignias was not enough to prevent the victimization of the public by such ruses. This was because no law in New York State at the time prohibited the sale by uniform stores or others of “exact duplicates of authorized parts of police uniforms” to members of the general public. (Letter of Assemblywoman Catherine Nolan [Introducer] to Governor, May 2, 1994, Bill Jacket, L 1994, ch 99, at 6; Mem of Assembly in Support, Bill Jacket, L 1994, ch 99, at 7 [emphasis added].)
The People argue in their response in opposition to the defendant’s motion that the statute must be construed to preclude the sale of these Transit Police shields because members of the public might be fooled into believing that someone wearing or displaying such a shield is an actual New York City Police Officer. The same argument, however, could be made to criminalize the purchase of a shield that is the same shape and color of a NYPD shield but is just a toy for children or a theater prop which, closer inspection would reveal, bears no reference to any existing police department.
Accordingly, the defendant’s motion for an order dismissing the accusatory instrument as facially insufficient is hereby granted. Because this decision is dispositive of the case, the court has not addressed the defendant’s other arguments in favor of dismissal.